| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 4/1/2021 |

GEORGE ENNENGA,

                         Plaintiff,

          v.

BYRON E. STARNS, CONSTANCE STARNS,

                         Defendant.

No. 21-CV-397 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      Plaintiff George Ennenga brought this action in the Supreme Court of New York, New York County alleging fraud by Defendants Byron E. Starns and Constance Starns. For the reasons that follow, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

      Plaintiff filed the complaint in this action on December 18, 2020. Dkt. 1. Defendants removed the case to this Court on January 15, 2021 and filed a motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) on February 5, 2021, Dkt. 7. Pursuant to the Court's scheduling order of January 21, 2021, Plaintiff's response to Defendants' motion was due by February 26, 2021.

      Having not heard from Plaintiff by March 1, 2021, the Court ordered Plaintiff to file a letter to the Court by March 15, 2021. Dkt. 9. The Order stated that if "Plaintiff does not respond to this Order, the Court may dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* On March 12, 2021, Defendants wrote to the Court indicating that

they have been unable to reach Plaintiff despite serving him by mail and FedEx and attempting to serve him at his residence.

When Plaintiff again failed to respond, the Court issued an additional order on March 16, 2021, directing him to respond by no later than March 30, 2021.  Dkt. 13.  The Order stated, in bolded letters, **"If Plaintiff does not respond to this Order, the Court will dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."**  *Id.*

To date, Plaintiff has still not responded to any of the Court's orders or to Defendants' motion. Plaintiff has thus failed to comply with the Court's Orders for approximately two and a half months.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b).  "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  "No single factor is generally dispositive."  *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'"  *Id.* at 217 (quoting *Mitchell v. Lyons*

2

*Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court in the approximately two and a half months that this case has been pending. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"). Second, Plaintiff was on notice that his failure to comply may result in dismissal: the Court's March 1, 2021 Order explicitly warned that this action may be dismissed if she failed to respond. Dkt. 14; *see also Mitchell*, 708 F.3d at 468 (affirming district court's dismissal of an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, this case has been pending for approximately two and a half months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Any prejudice to Respondent has been minor: this case is at an early stage, and based on the record, it does not appear that Defendant has had any substantive involvement in the case beyond removing it to federal court. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any

particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Moreover, this action has not substantially burdened the Court's docket: the Court has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with the Court's Orders. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see also* 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:  April 1, 2021
        New York, New York

_____
Ronnie Abrams
United States District Judge